Parsons, C. J.
By the statute of 1783, c. 24, § 16, it is enacted that if any executor, or executors, of any will, knowing of their appointment, shall not, within thirty days after the testator’s decease, present the will to the Probate Court, every executor, so neglecting his or her trust in that behalf, (without just excuse made and accepted by the judge of probate for such delay,) shall, for his or her neglect, forfeit five pounds, for each month he or she shall delay to present the will, to be recovered by action of debt, one moiety to the plaintiff, and the other moiety to the legatees.
This action was brought by the plaintiffs to recover this forfeiture against the defendants named as executors in the will, for their joint neglect. The writ was served only on Joshua? who pleaded that he did not owe the plaintiffs in manner and form as they had declared, and issue on this plea was joined to the country. On tho trial, there was no evidence that Eleazar, one of the executors who was sued, ever had any knowledge that the will existed. And the jury were directed that, for this defect in the plaintiff’s evidence, he had failed to maintain the issue on his part. For this direction a new trial is moved for.
The object of the statute was to compel a seasonable presentation of the will to the Probate Court. If either executor presents the will, no forfeiture is incurred by the other ; if both neglect, a joint forfeiture is incurred by both, which may be sued for jointly ; and perhaps separately, although but one forfeiture can be recovered. But if the neglect be in one executor, and not in both, the negligent executor alone incurs the forfeiture, and is alone to be sued.
In this case, the plaintiffs might have demanded a several forfeiture from Joshua; but they have demanded, in an action of debt, a joint forfeiture of both the-executors; and the defendant, by *129 pleading, denies that he owes a forfeiture jointly with the other; and upon this evidence it is very clear that the issue was with him, for the other executor had incurred no forfeiture.
*In informations, on penal statutes, for forfeitures in- [ * 140 ] curred by malfeasance, against several, charging them all with the malfeasance, on not guilty pleaded, the jury may convict some of the whole, or of part of the offence charged, and may acquit others. For the malfeasance in an information is several as well as joint, and each defendant incurs a forfeiture in proportion to his offence ; and in such information judgment may be rendered against the defendants as trespassers. (3) But this action is ex contractu, (4) in which a joint forfeiture is demanded as a joint debt.
We observe, here, that the plaintiffs are man and wife, in whose joint names a popular action has not been heretofore sued. The wife can have no interest in the judgment jointly with her husband in this case, nor is his interest therein in her right, but the effect of his own suit. If the verdict had been for the plaintiffs, no principle of law at present occurs to us on which they could have judgment.
The verdict is not set aside, but judgment must be entered ae cording to it.

 Lane, 59.

 3 Black. Comm. 117.