The cause stood continued upon this motion to the present term; and now King, of counsel for the defendant, enforced the causes of arresting the judgment, and was answered by Mellen for the plaintiff, after which the opinion of the Court was delivered by
Parsons, C. J.
As to the first objection, the defendant was not obliged, after pleading this plea in abatement, to answer further, without a judgment of respondeas ouster. But without any such judgment, he voluntarily pleaded to the action, and on demurrer to his plea, he prayed judgment in chief, and it was rendered for him. This we are satisfied amounts to a waiver of his plea in abatement, which must now be considered as if it had not been filed. [ * 269 ] * There is no weight in the second objection. That part of the sea, in which the fish were taken, was within the town of Scarborough. And the legislature may unquestionably regulate the taking of fish within the state, and oblige all the citizens to conform to the regulations, by inflicting penalties for the violation of them (a).
Neither can the next objection prevail. We are of opinion that the statute referred to is a public statute. It is obligatory on all the citizens, and they must notice it at their peril. We must, therefore, ex officio, take notice of it. Indeed, all the laws regulating the taking of fish are made for the public benefit, to preserve the fish, and are public statutes.
Had the fourth exception been taken on demurrer, it might have prevailed. But as one offence is properly laid, and the jury have found but one penalty forfeited, we must, after verdict, presume *207 that the jury have convicted the defendant of the offence rightly laid, and that the judge did not permit evidence of any other of-fence to be given. This is settled law in trespass, where several trespasses are laid to be committed at divers days and times between two certain days, where, from the generality of the verdict of guilty, it is not certain but the jury might have found the defendant guilty of, and assessed damages for all the trespasses. But a fortiori judgment ought not to be arrested in this case; for the jury cannot be presumed to have found the defendant guilty of more than one offence.
The truth of the allegation, on which the last exception is predicated, does not appear on the record. The plea in abatement making it, we consider as waived; and if it was not, no resort to it could be had on a motion to arrest judgment, where the allegations of the plea are a cause only of abatement.
As a matter of practice, we have considered this point; and we ■are satisfied that the plea would not have been sufficient to abate the writ. When an offence created by statute may be committed by one alone, but in fact is * committed by [*270 ] several, the offence is not in the nature of a joint contract, but of a trespass, although the penalty be sued for in a qui tam action of debt or information.
In an information against several defendants, the plea is that they are, and each of them is not guilty. And in an action of debt qui tam, not guilty is also a good plea. But if debt qui tam be sued against several, demanding a joint forfeiture, on a plea of nil debet, all the defendants ought to be found indebted, because the form of the action and plea is on a joint contract, although the debt arises from a tort. But unquestionably the action might have been sued against any one or more of the defendants; for the tort being several as well as joint, the debt may follow the nature of the tort on which it is founded. The exception to this rule arises from the nature of the offence. As when the offence created by a statute is the making of a contract prohibited by it, the contract must be charged and proved according to the truth of the case. For if it be proved to be different from the contract alleged, they cannot be presumed to be the same contracts (1).
The plaintiff must have judgment on the verdict to recover the penalty of fifteen dollars, with full costs; for although the action be in its form on a contract, yet it is not a simple contract within the statute of 1803, c. 154. § 5 (a).

Judgment on the verdict.

 Nickerson vs. Brackett, 10 Mass. 212.

 2 Hawk. P. C. c. 26. § 75.

 Patten & al. vs. Gurney & al. 1 Pick. 182. — Boutelle vs. Nourse, 4 Mass. 431.— Hill vs. Davis, 4 Mass. 137.