Per Curiam.
The third plea is bad in substance. The a££ of congress relative to insolvent debtors within the district of Columbia, ought to have been specially set forth in the plea; for, as respects the union at large, it is a private act, of which the courts in the several states are not bound to take notice unless it be shown to them by pleading. It ought to have been recited in the plea, er so much of it as to enable the court to judge whether the discharge was made in conformity to it, and was well warranted by its provisions. If the rule were otherwise, and we were to take notice of the act as a public law of the United States, it would appear that the discharge affords no plea in bar of the action. It is only a bar to any future remedy against the person, and the after acquired property is still liable to the payment of debts, and the creditor in every such case must still be entitled to establish his demand by suit and by judgment. Nor does the plea give jurisdiction to the judge by whom the discharge was granted, for the act only applied to persons in actual confinement in gaol in the district of Columbia, at the suit of a creditor, when the petition is *306 presented to the judge, and the plea contains no averment of thaf fact.(a)
Without examining, then, the other points raised by the subsequent pleadings, the plaintiff is entitled to judgment upon the demurrer.

 By a subsequent act, passed the 21st April, 1806, the provisions of the former act -were extended to any debtor who may have been, or thereafter should be, arrested and held to bail in the said district, and who, at the time of the arrest, shall have been a resident in the district for one year next preceding his arrest. (Cong. 9. sess. l. c. 36. s. 2.)