FROST & AL. *v.* ROWSE & AL.

In debt on *Stat.* 1821, *ch.* 168, for the unlawful taking of logs out of a river, &c. it is not necessary to allege that the defendant knew the plaintiff to be the true owner of the logs.

In debt for a penalty given by statute, the wrong-doers may be sued either jointly or severally;—but the plaintiff can have but one satisfaction.

DEBT on *Stat.* 1821, *ch.* 168, for taking the plaintiffs' logs. In the declaration it was alleged that the defendants " did " take, carry away, saw, split, destroy and convert to their " own use one pine mill-log, of the value of ten dollars, the " property of the plaintiffs, put by them into the river called " the great Androscoggin, and marked by their mark, to wit, " &c. cut out thereon with an axe; which log the said—defend- " ants—did take, carry away, saw, split, destroy and convert " to their own use, without the consent of the plaintiffs, and " contrary to the form of the statute in such case made and " provided; whereby they have forfeited and become liable to " pay to the plaintiffs the sum of fifty dollars, and an action " has accrued," &c.

At the trial of this cause in the Court below, which was upon the issue of *nil debet,* the Court ruled that the action could not be supported, because there was no averment in the declaration that the plaintiffs were *known* by the defendants to be the owners of the logs,—and because three defendants were joined in the

Frost v. Rowse.

writ, whereas the penalty accrues against each person found guilty, and not against any number of persons jointly,—and thereupon directed a nonsuit; to which direction the plaintiffs filed summary exceptions, and appealed to this Court.

It was submitted without argument, by *Orr*, for the plaintiffs, and *Ames*, for the defendants. .

MELLEN C. J. delivered the opinion of the Court as follows.

On the plaintiffs' exceptions two reasons appear to have been assigned by the presiding Judge in the Court below for directing a nonsuit.

As to the *first* reason assigned, it appears by an examination of the section of the statute on which the action is founded, that it is not necessary that the person committing the trespass should know the true owner of the logs;—and of course it was not necessary for the plaintiffs in the present case to state in the declaration that *they* were known by the defendants to be the true owners of the logs therein mentioned.

As to the *second* reason, we apprehend it to be at variance with the decision of the Supreme Judicial Court of *Massachusetts* in *Boutelle v. Nourse,* 4 *Mass.* 431. In that case it was decided that several persons guilty of a trespass *might* or *might not* be joined as defendants in an action of debt for a penalty incurred, according to the facts of the case. If the trespass was committed by several persons *jointly*, they *might* be jointly sued,— otherwise, not. But it cannot be ascertained by inspection of the declaration, whether the tort alleged was joint or several. *Parsons* C. J. in delivering the opinion of the Court in the above case, says—" although debt *qui tam* lies to recover the penalty, " yet the debt arises from a trespass, which in its nature is *sev-* " *eral* as well as *joint*. The action may therefore be sued against " *one* or *more* of the joint defendants, but the plaintiff can have " but one satisfaction." As we do not perceive any reason for questioning the correctness of the above mentioned decision, or the principles on which it is founded, we feel disposed to adopt it as the settled law applicable to the question before us. See also 1 *Chitty on Plead.* 74. *Burnham v. Webster,* 5 *Mass.* 266.

The exceptions are therefore sustained. The nonsuit must be set aside, and a trial be had at the bar of this Court.