Green<br>*vs.*<br>Bailey.

---

CHESHIRE, OCTOBER TERM, 1823.

### SYLVESTER POWERS *vs.* D. B. SPEAR.

Where two have incurred the forfeiture of a penalty under a statute, debt may be brought and maintained against one only, to recover the penalty.
In debt, a defendant can take advantage of the omission of a person, who ought to have been made a defendant, only by a plea in abatement.

THIS was an action of debt, brought to recover a penalty alleged to have been incurred by the defendant, by suffering his horse to go at large upon the highway.

The cause was tried here, at April term, 1823, upon the general issue, when it appeared in evidence, that the horse, alleged to have been at large, was the joint property of the defendant and one *Ebenezer Spear*, and at the time under their joint control.

It was objected, that as the owners of the horse had incurred the penalty, the action must be brought against both, and could not be maintained against one only. But the court overruled this objection; and a verdict being returned for the plaintiff, the defendant moved the court for a new trial.

*H. Hubbard,* for the plaintiff.

*J. C. Chamberlain,* for the defendant.

*By the court.*—The question, which this case presents for our decision, is, when two have incurred a forfeiture to be recovered in an action of debt, whether the action can be maintained against one of them?

In the case of *Hill and wife vs. Davis,* (4 *Mass. Rep.* 137,) it seems to have been the opinion of the court, that debt for a forfeiture must be considered as an action *ex contractu,* and governed by the principles applicable to that species of ac-

tion. But in the case of *Bastard vs. Hancock*, (*Carthew* 361) which was debt for a forfeiture, the jury returned a verdict against one of the defendants, and in favor of the rest ; and it was moved in arrest of judgment, that the action was founded upon contract, and could not be supported against one of the defendants alone. But the court, after great debate, says the reporter, unanimously resolved, that the action was founded on a tort, and not upon a contract ; and the plaintiff had judgment.

The same point was decided in *Hurdyman vs. Whitaker et a.* (2 *East* 573, *note.*—1 *Chitt. Pl.* 33.—*Buller's N. P.* 188); and we are inclined to think, that debt for a forfeiture must be considered as debt *ex delicto*, and that it may be brought against one, or more, of those, who have incurred the forfeiture, without joining all.

But if this were to be considered as an action founded upon a contract, the defendant could take no advantage, in this stage of the proceeding, of the omission of a person, who ought to have been made a defendant. For that is matter, of which he could avail himself by a plea in abatement alone. 1 *Saunders* 291, *b. note* 4.—1 *do.* 154, *note* 1.—1 *Chitty's Pl.* 29.

We are therefore of opinion, that there must be

*Judgment for the plaintiff.*