## A. HARPER *vs.* Z. BOWMAN.

In debt brought to recover a penalty for taking unlawful interest, the unlawful interest was alleged to have been taken at different times, and as to part of the sums illegally taken the action was barred by the statute of limitations; yet it was held, that the action might be maintained to recover the penalty incurred by taking the residue.

DEBT *qui tam* upon the statute of usury. It was alleged in the declaration, that *Bowman,* on the 13th December, 1817, delivered to *J. S. Harper* $274 32, and took a note for the same, under an agreement, that *J. S. Harper* should pay interest for the loan, at the rate of 18 *per cent. per annum* ; that, on the 19th November, 1818, *J. S. Harper* paid to *Bowman* 220 40, and gave a new note for the balance, being $100. It was then agreed, that interest should be

paid on the last mentioned note at the rate of 12 *per cent. per annum* ; and on the 6th December, 1819, *J. S. Harper* paid to *Bowman* $87 70, and gave another note, of that date, for the balance, being $24 86 ; and on the 16th January, 1823, he paid $29 95, being the sum mentioned in the last mentioned note and interest. The amount of the illegal interest was averred to be $37 ; and the penalty of $111 was demanded. The action was commenced on the 16th August, 1823, and was tried here at February term, 1826, when the case was proved, as stated in the declaration. It was objected, on the part of the defendant, that as some portion of the penalty demanded was barred by the statute of limitations, the defendant was entitled to a verdict ; but a verdict was taken, by consent, for the plaintiff, for the portion of the penalty, for which the action was not barred, subject to the opinion of the court upon the foregoing case.

*Lyford*, for the plaintiff.

*Sullivan*, for the defendant.

RICHARDSON, C. J. The statute of January 26, 1790, entitled " an act limiting suits on penal statutes," declares, that all actions for any forfeiture, upon any penal statute, shall be brought within one year from the time of the committing of the offence, and not afterwards. It is therefore very clear, that no portion of the penalty, which the defendant may have incurred, can be recovered in this action, except the penalty for receiving $29 95 illegally on the 16th January, 1823.

But it is contended, on the part of the defendant, that the plaintiff, having demanded in his count a penalty of $111, must recover that sum, or nothing. But the ground, on which this objection is to be maintained, is not very obvious. There is no variance between the count and the proof ; and it does not readily occur to us, why, because a portion of the penalty is barred by the statute, the residue should not be recovered.

In the case of *Hardyman vs. Whitaker et al.* (2 *East* 573, *note*,) it was decided, that debt for a penalty against several defendants might be maintained against part of the defendants, although the jury found that the rest owed nothing.

In *Burnham vs. Webster*, (5 *Mass. Rep.* 266,) which was debt upon a statute to recover a penalty, the plaintiff demanded in his count $60, as forfeited ; but the jury found only $15 ; and the court rendered judgment on the verdict. The truth was, that in that case four distinct penalties were demanded in one count, and the jury found only one.

There are cases, in which a different sum, from that demanded, cannot be recovered. But in those cases the objection to the recovery arises from a variance between the case stated in the declaration and the proof. 1 *H Blacks.* 249, *M'Quillin vs. Cox.*—*Croke James* 498, *Pemberton vs. Shelton.*

We are of opinion, in this case, that the plaintiff is entitled to recover the part of the penalty, the recovery of which is not barred by the statute of limitations, and that there must be accordingly

*Judgment on the verdict.*