## Hitchcock *vs.* Munger.

Where there are several counts in a declaration, they must always purport to be founded on distinct causes of action.

But subsequent counts will be sufficient, if they contain a general reference to matters stated with certainty in former counts, without repeating them.

The first count in a declaration alleged that on the 26th day of February, 1839, one Richardson made his promissory note to the defendant for $300.00, on which were certain indorsements, the dates of which were specified in the count; that afterwards, on the 8th day of April, 1841, Richardson paid the defendant the sum of $15.00 for forbearance and giving day of payment on the note, over and above the rate of six per cent., by which the defendant forfeited the sum of $45.00, &c. The second count alleged that on the said 26th day of February, Richardson gave his other note to the defendant, of like date and amount, and payable in like manner, at the rate before mentioned, upon which note were payments similar to those upon the note first described. The corrupt agreement, &c. was then stated as in the first count. Upon a motion in arrest of judgment, for the insufficiency of the second count, it was—*Held*, that it was sufficiently certain by reference to the first count.

An action of debt *qui tam,* to recover a penalty given by a statute, is not a crim-

inal prosecution; and in order to authorize a verdict for the plaintiff, the jury need not be convinced that the case against the defendant is proved beyond a reasonable doubt.

DEBT, *qui tam*, under the statute against usury.

The first count alleged that on the 26th day of February, 1839, one Samuel Richardson made his promissory note to the defendant, for the sum of three hundred dollars, upon which note there were three indorsements, the dates of which were specified in the count, and that afterwards, on the 8th day of April, 1841, Richardson and the defendant made a corrupt agreement, by virtue of which Richardson paid the defendant the sum of fifteen dollars, for forbearance and giving day of payment of the sum due on the note, over and above the rate of six per cent., contrary to the form of the statute, &c. by reason whereof the defendant forfeited the sum of forty-five dollars, being three times the amount of the usury; one half to the use of the county, and one half to the use of the plaintiff.

The second count alleged that on the said 26th day of February, 1839, said Richardson gave his other promissory note to the defendant, of like date and amount, and payable in the same manner, at the rate before mentioned, upon which note were payments made by the said Richardson similar to those upon the note first described. The corrupt agreement, &c. was then stated, as in the first count.

The defendant pleaded that he did not owe the plaintiff and the county of Sullivan in manner and form, &c.

The counsel for the defendant requested the court to charge the jury, that in weighing the testimony they should require proof, in order to charge the defendant with the penalty, as in criminal cases. The court declined so to charge the jury, but instructed them that they need not require all reasonable doubts to be removed, but that the same rule was to be observed in this respect as in civil cases. To this instruction the defendant excepted.

The jury returned a general verdict for the plaintiff, which the defendant moved to set aside on account of the above instruction. He also moved in arrest of judgment, on account of the insufficiency of the second count in the declaration.

Hitchcock *v.* Munger.

*Leland,* for the defendant. 1. This is a motion in arrest of judgment, for the insufficiency of the second count in the declaration.

This count sets forth no date to the note, nor amount of the note, nor indorsements on the same, nor how or when payable.

Every count in a declaration is considered as distinct, as if they had been in so many several actions. *Arch. on Pl.* 172; 2 *Ld. Raym.* 1084; 3 *Salk.* 14.

A declaration, not showing a cause of action, cannot be made good by plea or verdict. 3 *Caines* 73; 8 *Johns.* 109; *Archbold* 178, *n.* 12.

Anything in the first count which was right, could not help any defect in the second; for though they were both put in one declaration, yet they are as distinct as if they had been in two several actions. 5 *Bac. Abr.* 329, *Plea and Pleadings, B,* 1.

Each count must set forth sufficient cause of action; so, if the count be not a sufficient foundation to give judgment, this may be moved in arrest of judgment after verdict. 5 *Bac. Abr., Plea and Pleadings, B,* 1.

This count being defective in substance, is not cured by reference to the first count.

When a count is aided by reference, it must refer to form and not to substance; as, where a reference is to an inducement for speaking the words, a reference to the inducement is tolerated. Here the verdict being general, it covers both counts; and if the second count is bad, the judgment must be arrested. If the jury find entire damages on all the counts, the judgment must be entire; in which case, if one of the counts be insufficient, judgment will be arrested. 1 *Chitty's Pl.* 394; 2 *Mass. R.* 53, *Benson* vs. *Swift; Arch. Pl.* 176, *n.* 110; 3 *Johns. R.* 189.

Several counts in a declaration for slander. One was a general count, in which the words spoken were not set out. A general verdict was taken on all the counts. It was held bad after verdict, and judgment was arrested. 6 *N. H. Rep.* 289, *Parsons* vs. *Bellows.*

This count is otherwise defective, viz: " giving day of payment, &c. of the residue of the money due upon the note, in this count described," &c. That is the reference to a note described by a reference.

When the damages are entire on all the counts, if one count is bad, the judgment will be arrested. *Archbold* 176–181.

2. There is, also, a motion to set aside the verdict, on account of the charge of the court. This being a *qui tam* action, is in substance a criminal action, though in form a civil suit. It is called a popular action. 3 *Bl. Com.* 161, 162. It is in substance the same as an information on a penal statute to enforce a penalty. An information of this kind is a sort of *qui tam* action, only carried on by a criminal instead of a civil process. 4 *Bl. Com.* 308.

This being in substance a criminal prosecution, the case must be 'fully proved,' as the law terms it; that is, a mere preponderance of evidence is not sufficient. It must generate a *full belief* of the fact, to the exclusion of all reasonable doubt. A preponderance of proof is applicable to civil suits, but in criminal suits the law requires full proof. 1 *Starkie on Ev., part* 3, 451. If so, the charge was wrong.

*Gates,* for the plaintiff. The second count is good. In framing a second count for the same cause of action, care is essential to avoid any unnecessary repetition of the same matter; and by an inducement in the first count, applying any matter to the following counts, much unnecessary prolixity may be avoided. This is usual in actions for words, and proper to be attended to in all. Unless the second count expressly refers to the first, no defects therein will be aided. In a second count on a deed or agreement, it is most correct to aver that a certain other deed or agreement was made between the parties, containing the like terms and stipulations as were and are contained in the deed or agreement set forth in the first count. 2 *Ch. Pl.* 511; 1 *Chitty's Pl.* 449, 450. But there are no exceptions to the first count, and one good count will sustain the verdict.

. Both counts are for the same cause of action. No evidence would be admissible under the second count, which would not be applicable to the first; and as the jury assessed damages under but one count, the court might have entered the verdict on the good count, though the evidence might have been applicable to the bad count also.

The true ground of distinction is, whether or not there are substantially differing and distinct causes of action stated on the record, on all of which evidence is given, so that it is impossible to sever the damages.   When a general verdict has been given on two counts, setting forth two distinct causes of action, one of which is bad, and it appears from the judge's notes that the jury calculated damages under the good count only, the court will amend the verdict by entering it on the good count only ; even after judgment and argument in error.   4 *Burr.* 2022 ; 3 *T. R.* 433 ; 3 *Bing.* 334 ; 1 *Bos. & P.* 329 ; *Story's Pl.* 63 ; 2 *Conn. R.* 324 ; 1 *Chitty's Pl.* 448 ; 7 *Mass.* 358, *Barnard* vs. *Whiting & al.*

If the jury find a *general* verdict for one penalty, it is for the plaintiff to apply it.   But after applying it to one count, which turns out to be defective, he cannot afterwards apply it to another.   3 *Stark. Ev.* 1124 ; 5 *Mass.* 266.

The instructions given to the jury by the court, that " they need not require all reasonable doubts to be removed, but that the rule in this respect was to be observed as in civil cases," were correct.

The rule in criminal cases is, that if the jury entertain reasonable doubts, they must acquit, but no such rule obtains in civil cases.   The doubting of the jury in a civil cause is no reason for directing a verdict for the defendant.   It certainly was not the duty of the jury, merely because they found the case involved in doubt by a mass of complicated evidence, to find of course for the defendant.   The court's saying to the jury, " If you believe this, you will find for the plaintiff; if not, for the defendant," is all that the defendant is entitled to in such a case.   Their finding must be on the preponderance of testimony, and not on such a freedom from doubt as is required in a criminal case.   No stricter proof is required in an action of debt given by statute than in an action of debt at common law.   The one is as much a civil suit as the other.   1 *Swift's Dig.* 586.

GILCHRIST, J.   Where there are several counts in a declaration, whether the subjects of them be *really* distinct, or identical,

they must always purport to be founded on distinct causes of action, and not to refer to the same matter. *Stephen on Pleading*, (2d *Ed.*,) 318, 319. This is rendered necessary by the rule against duplicity, the object of which is to ensure the production of a single issue upon the same subject matter in dispute. 1 *Ch. Pl.* 259. This rule, though evaded as to the declaration, by the use of several counts, is not permitted to be directly violated. Where there are several counts, they are for all purposes as distinct as if they were in different declarations, and they must severally contain all necessary allegations. But a party has a common law right to introduce several counts into his declaration, in fact for the same subject matter of complaint, and varying from the first count only in statement, description, or circumstances. 1 *Ch. Pl.* 451.

In *Barnes* vs. *May*, *Cro. Eliz.* 240, a demand in assumpsit for wool sold, was alleged to have been made "at such a day and place." The second count contained an averment, *licet similiter requisitus*, without alleging day and place, and it was adjudged good. In assumpsit for the defendant's board for 120 weeks, the count alleged the price to be 7s. per week. The second count was upon a *quantum meruit;* and after verdict for the plaintiff, it was moved in arrest of the judgment, because the weeks in the *quantum meruit* were not laid to be *alia* than those in the special promise, *sed non allocatur;* for they do not appear necessarily to be the same, and without necessity the court will not intend them so. *Bac. Abr., Pleas and Pleadings, B,* 1. In *Tindall* vs. *Moore,* 2 *Wils.* 114, the action was slander upon several sets of words spoken by the defendant of the plaintiff. The first set charged the plaintiff with setting a certain house on fire. In the fifth set he said that the plaintiff "set the house on fire," (meaning the same house.) After verdict for the plaintiff, it was moved in arrest, that the latter set of words were not actionable, and the *inuendo* could not relate to the house mentioned in the first set of words. But it was held that though the latter set of words were not in themselves actionable, they should have relation to the former set. In *Phillips* vs. *Fielding,* 2 *H. Bl.* 123, which was assumpsit for the nonperformance of a spe-

cial agreement, the first count set forth certain conditions of sale, and it was held that the other counts might have referred generally to those conditions without repeating them.  *Gould*, J. said that he remembered an indictment for forgery, in which there were three counts for the forgery, and three for the utterance. In the first count the prisoner was particularly described, and the grand jury having rejected the three first counts, an objection was raised that the remaining counts described him as " the said A. B.," by reference to the first; but all the judges held that the description was good, and that the latter counts might refer to the former.  In *Stiles* vs. *Nokes*, 7 *East* 493, Mr. Justice *Lawrence* says that a general reference to former parts of the record may be sufficient in pleading, without repeating the whole of such parts, where it is a reference to something certain.  In a second count upon a deed or agreement, it is proper to aver that a certain *other* deed or agreement was made between the parties, containing the like terms and stipulations as are contained in the deed set forth in the first count.  1 *Ch. Pl.* 450, *note*, (*h.*)

The second count in the declaration before us refers to the first count with as much particularity as the law and authorities require.  We are of opinion that it is sufficient, and that the motion in arrest of judgment should be overruled.

The defendant excepts, because the court did not instruct the jury, that in order to justify a verdict for the plaintiff all reasonable doubt should be removed that the defendant had incurred the penalty sued for.  This exception renders it necessary to inquire into the nature of what is commonly called an action *qui tam*.

This is an action to recover a penalty imposed by a statute when a person commits some act considered detrimental to the community, but whose criminality is not of an aggravated nature. It is the mildest proceeding of a penal character known to the law.  A recovery is followed by no disqualification.  It is not like a fine where imprisonment is the consequence of nonpayment.  In the case of *Ketland, qui tam*, vs. *The Cassius*, 2 *Dall.* 365, a distinction is made between prosecutions against

persons for crimes, and proceedings to recover a forfeiture ; and *Wilson*, J. says that taking cognizance of a proceeding merely *in rem* cannot be considered as taking cognizance of a crime or offence. The proper plea is *nil debet*, although the plea of not guilty is allowable. *Stilson* vs. *Tobey*, 2 *Mass.* 521 ; *Coppin* vs. *Carter*, 1 *T. R.* 462 ; *Burnham* vs. *Webster*, 5 *Mass.* 270. An amendment may be made of the declaration. *Jones* vs. *Ross*, 2 *Dall.* 143 ; *Davis* vs. *Saunders*, 7 *Mass.* 62. In *Hill* vs. *Davis*, 4 *Mass.* 140, following the doctrine of *Blackstone*, 3 *Comm.* 117, 161, the court consider the action as *ex contractu*. But in *Hardyman* vs. *Whitaker*, 2 *East* 573, (n,) it was held to be founded upon a tort. And such is the opinion of this court in *Powers* vs. *Spear*, 3 *N. H. Rep.* 35. The difference, however, is not material, as the cases cited do not hold such an action to be a criminal cause. The attorney general cannot enter a *nolle prosequi* except for the king's part of the penalty. *Stretton* vs. *Taylor*, *Cro. Eliz.* 138.

The decisions that have been made in relation to *qui tam* actions are consistent with the judgment of the court in the important and much considered case of *Atcheson* vs. *Everett, Cowp.* 382, which arose under the Toleration Act of 7 & 8 *Wm.* 3, *ch.* 34. The action was debt, to recover the penalty given by the statute against bribery. The question was whether a Quaker could be received as a witness at the trial, upon his affirmation. The objection was made that he was incompetent, because the Toleration Act excluded his testimony in " criminal causes," and this action was alleged to be a " criminal cause." But the court said that the distinction between criminal prosecutions and civil actions was well known; that penal actions were never put under the head of criminal law, or crimes; and that the suit was as much a civil action as an action for money had and received. Lord *Mansfield* said that when the legislature excepted to the evidence of Quakers in criminal causes, they must be understood to mean causes *technically* criminal. It was held, therefore, that the affirmation of a Quaker was admissible ; and we think that an action *qui tam*, although a process to recover a penalty for the commission of an offence, is not a criminal prosecution in the

ordinary sense of that term, and that a verdict for the plaintiff cannot be regarded as a conviction of a crime.

After summing up the testimony upon a criminal trial, it is the practice for the judge to state to the jury, that, in order to authorize a conviction of the prisoner, they should be satisfied of his guilt beyond a reasonable doubt. "The principal difference," says *Phillips*, "to be remarked between civil and criminal causes, with reference to the modes of proof by direct or circumstantial evidence, is, that in the former, where civil rights are ascertained, a less degree of probability may be safely adopted as a ground of judgment, than in the latter case, which affects life and liberty." 1 *Phill. on Ev.* 166. We have not seen the rule explicitly stated, except in *McNally on Ev.* 2, 3, 4, and 578. "Every thing," he says, "is a doubt in a civil case, where the jury weigh the evidence, and, having struck a fair balance, decide according to the weight of the evidence. This, however, is not the rule in criminal cases; for it is an established maxim that the jury are not to *weigh* the evidence, but in cases of doubt to acquit the prisoner." It is said in *Roscoe on Crim. Ev.* 14, that the soundness of this distinction may perhaps be doubted. And it seems incorrect to say that the jury are not to weigh the evidence; for, unless they do so, they cannot judge whether the prisoner be guilty beyond a reasonable doubt. However this may be, we are not aware that the rule has ever been applied except in prosecutions for crimes; and as this was not such a prosecution, our opinion is that the ruling of the court was correct, and that there should be

*Judgment on the verdict.*