# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTIES OF BRISTOL, PLYMOUTH, BARNSTABLE AND DUKES COUNTY, OCTOBER TERM 1854, AT TAUNTON.

━━━

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW, } Justices.
Hon. BENJAMIN F. THOMAS,
Hon. PLINY MERRICK,

---

### William Nye, Jr. vs. Prentice Lamphere.

An informer may sue in his own name for a penalty imposed by statute on fishing with a seine or drag-net within the limits of a town, " to be recovered in any court proper to try the same, one half to the use of the said town, and the other half to any person who shall prosecute therefor;" and need not aver that the prosecution was authorized by the town.

Action of tort on *St.* 1851, *c.* 98, brought by the plaintiff " as well for the town of Falmouth as for himself." " And the plaintiff says, that the said Prentice Lamphere, on the twentieth day of July last past, did set, draw and stretch a seine for taking fish in the Waquoit Bay, in the waters thereof, within the

limits of the said town of Falmouth, contrary to the statute in such case made; by which the said Lamphere has forfeited a penalty of not less than twenty dollars, nor more than one hundred dollars, to be recovered one half to the use of said town, and the other half to any person who shall prosecute for the same; whereby this action hath accrued to the plaintiff to recover said penalty, one half to the use of himself as prosecutor, and the other half as aforesaid."

The defendant, in his answer, and at the trial in the court of common pleas, denied the plaintiff's right to maintain an action for the penalty, in this form. But *Sanger*, J. ruled that the action was properly brought by the plaintiff in his own name. To this ruling the defendant alleged exceptions.

*E. L. Barney*, for the defendant. The plaintiff cannot maintain this suit in his own name. *Colburn* v. *Swett*, 1 Met. 232. *Wiley* v. *Yale*, 1 Met. 553. *Fleming* v. *Bailey*, 5 East, 313. *Barnard* v. *Gostling*, 2 East, 569. *Davis* v. *Edmonson*, 3 Bos. & Pul. 382. And the declaration is defective, in not containing any averment that the town of Falmouth had authorized the prosecution of this action.

*G. Marston*, for the plaintiff.

METCALF, J. The *St.* of 1851, *c.* 98, forbids any person to set, draw or stretch any seine or drag-net in Waquoit Bay, or in any of the ponds, rivers or creeks within the limits of the town of Falmouth, under a penalty, "to be recovered in any court proper to try the same, one half to the use of the said town, and the other half to any person who shall prosecute therefor." No mode of prosecution being directed, the plaintiff has brought this action of tort, relying on the Rev. Sts. *c.* 118, § 42, and *St.* 1852, *c.* 312, § 1, the former of which provide that any pecuniary forfeiture or fine, imposed by law, without any express provision for the mode of recovering the same, may be sued for and recovered in an action of debt, or an action of trespass on the case; and the latter denominates all personal actions, (except replevin,) actions of contract, or actions of tort. The defendant's objection to the maintenance of this action is, that the plaintiff is an informer, and therefore cannot sue in his own

name, because authority so to sue is not given him by statute. And undoubtedly it is a general rule, that a common informer cannot sue for a penalty, without express statute authority. 1 Met. 234, and cases there cited. But by what terms in a statute is such authority conferred ? Certainly by terms like those used in the statute on which this action is brought; namely, by giving the forfeiture, or a part of it, " to any person who shall prosecute therefor." 2 Hawk. *c.* 26, § 17. Bac. Ab. Actions Qui Tam, A. Hammond on Parties, 36. Browne on Actions, 347. The cases are numerous in which informers have maintained actions in their own names, without question, on statutes giving a penalty or forfeiture, either in part or in whole, to him who should sue for the same. By *St.* 1783, *c.* 24, § 16, executors, for neglecting to proceed seasonably in presenting a will for probate, were made liable to a forfeiture, " to be had and recovered, one moiety to him or them that shall sue for the same." In an action brought on this statute, by informers, though the plaintiffs failed on other grounds, yet no suggestion was made, by counsel or court, that informers could not maintain a *qui tam* action for the forfeiture. *Hill* v. *Davis,* 4 Mass. 137.

The cases cited by the defendant's counsel have no tendency to support his objection to this action. They merely sustain the acknowledged doctrine, that a common informer cannot sue in his own name, unless authorized by statute.

An action like this is entirely the action of the informer. By commencing it, he has made it his own; and no other party can release his interest in it, or interpose in the disposition of it *Stretton* v. *Tayler,* Cro. Eliz. 138. *Farrington* v. *Arrundell,* Hut 82, and Cro. Car. 10. 1 Walford on Parties, 266. *Raynham* v. *Rounseville,* 9 Pick. 44. There is no ground, therefore, for the defendant's objection, that it does not appear in the declaration that the town of Falmouth has authorized or desired the prosecution of this action. Besides; no objection to the declaration is open to the defendant, on these exceptions.

*Exceptions overruled.*