Monell, J.
The act referred to is not pleaded, but I am asked to take judicial cognizance of it as a public statute. The immediate question before me, therefore, is whether such statute is a public or a mere private or local law.
No objection is urged to the complaint, other than that the act referred to has deprived this court of jurisdiction of any action against the corporation of the city of New York. The question' of the validity of the act as conflicting with section 16 of article III. of the constitution of the State, providing that “ no private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed on its title,” is not properly before me at this time, and I have therefore confined my examination to the only question which is before me.
General or public acts are such as relate to or concern "the •interests of the' public at large ; and private acts are such as *480 relate to private individuals, or ■which concerns a particular species of some general genus or thing. Such are the definitions given in Smith’s Commentaries on Statutes, section 795. In his enumeration of public acts, he specifies those concerning the king, queen or prince, or in the American States, the the government and its coordinate departments; those concerning the whole spirituality; acts concerning trade in general, or which relate to all subjects of the realm; acts which concern all persons, though of a special nature, such as acts concerning assizes or woods, or forests, chases, fisheries; and private acts when recognized by a public act. And in the '"enumeration of private acts, are such as relate to a particular place, or to divers particular towns, or to' one or divers particular counties, &c. Other acts, which in their objects and operations, are merely local or limited, are nevertheless treated as public acts, either by virtue of a special clause declaring them to be so, or because, although limited to a particular section or locality, yet they affect the public at large, when acting within that section or locality, in reference to matters within the purview of the act. (Holland’s Case, 4 Co., 76 a.)
“ The distinction,” says Blackstone (1 Black. Comm., 86), “ between public and private statutes is this: A general or public act is a universal rule that regards the whole community, but a special or private act is rather the exception than the rule.”
There are statutes which are local in one sense, which are nevertheless public statutes; for it is not necessary to constitute a statute a public act that it should be equally applicable to all parts of the State. It is sufficient, if it extends to all persons doing or omitting to do an act within the territorial limits described in the statute. In Pierce v. Kimball (9 Greenl., 54), an act which provided for the survey of timber in the county of Penobscot, and prohibited sales unless thus surveyed and marked, was held to be a public act, as it operated upon all persons. So an act for the preservation of fish in a particular river was pronounced a public act, inasmuch as it was obligatory upon all citizens. (Burnham v. Webster, 5 Mass., 266.) A similar decision was made in Jenkins v. *481 Union Turnpike Company (1 Cai. Cas., 86), where the act incorporating the company contained a clause vesting the road, on a certain event, in the people, and for that reason it was held to "be a public act. And in Bank of Utica v. Smeeds (3 Cow., 684), the chancellor intimated that the act authorizing the bank to establish a branch office was a public act, because the act incorporating the bank declared it to be a public law. The point, however, was not decided. Again, the act authorizing the railroads of the State to subscribe to the capital stock of another designated railroad, was pronounced to be a general law, as it applied to all railroad corporations (White v. Syracuse & Utica Railroad Co., 14 Barb., 559). But an act of Congress relative to insolvent debtors within the District of Columbia was held to be only a private statute, of which the State courts were not bound to take notice (Wright v. Patin, 10 Johns., 300). Indeed, all the local statutes which have, as far as my observation has gone, been declared to be public statutes, were either penal statutes affecting all citizens who might offend, or statutes of a remedial character where all persons might come within their purview (Pierce v. Kimball, ubi sup. ; Hendin v. Ayres, 12 Pick., 344).
In the case of the Sun Mutual Insurance Co. v. The Mayor, &c., of New York (8 N. Y. [4 Seld.], 241), the validity of an act similar to the one I am considering, passed in 1850, was considered; and although it was not declared in that case that the act of 1850 was a private law, yet such result necessarily followed from the decision, which was that the act did not conflict with the constitutional provision to which I have already referred. If the-court had pronounced the act-a public statute, the point decided could not have arisen. The case may therefore be regarded as an authority. In two cases also recently decided— one in this court (Smith v. The Mayor, &c.), the other in the supreme court of this district (Putnam v. The Mayor, &c.), the same view has been taken.
The title of the act under consideration, as well as the subjects embraced in it, are of a purely local nature. It *482 is an act to enable the local authorities to raise money by tax for the use of the corporation of the city. It empowers the board of supervisors of the county to cause to be levied and raised by tax, upon the taxable property of the county, for the use of the "mayor, aldermen, and commonalty of the city of New York, an amount equal to the several sums thereinafter .stated. Then follow the several sums needed for the support of the city government. The act is not penal. It relates exclusively to the raising of money by tax levied .upon property belonging to the inhabitants of New York, or such as own property therein; which money is appropriated to the support of the city government. Its operations are confined to this county, and it has no effect, even of the remotest character, in any other part of the State, ór upon the people of any other place. It is an enabling act" necessary for the administration of local government, and relates to and affects the interests of this county exclusively, and in which no other part of the State can have any concern. Nor can it be questioned by any others than those who are thus immediately affected by it. By its title, therefore, as well as in all its provisions, in the effect to be given to them, and in the interests it involves, it is, within the definitions I have given, as local and private a law as any that could be enacted.
If I am correct that this act, commonly called “the tax levy,” is a local statute, then it should have been pleaded, and I cannot take judicial notice of it. My decision goes no further, as I have not deemed it either necessary or proper to look into the act to see whether it is or not exposed to the constitutional objection urged upon the argument. That question can be determined when when the act is formally brought to the notice of the court.
There must be judgment for the plaintiff upon the demurrer, with costs, with leave to the defendants to withdraw the demurrer and answer the complaint on payment "of costs.