Burnham agt. Acton.

The court overruled the objection and admitted the evidence, to which the defendant's counsel duly excepted.

When it is observed that the witness called upon to prove the accuracy of his notes was manifestly an unwilling witness, it cannot fail to be seen that his whole testimony, when taken together, comes fully up to the doctrine of *Clark* agt. *Vorce* (*supra*).

There was no error, therefore, in the admission of the notes taken by Mumford of Seeley's testimony.

It follows that the judgment must be affirmed.

All concur.

Affirmed.

## N. Y. SUPERIOR COURT.

FREDERICK BURNHAM agt. THOMAS C. ACTON AND OTHERS.

The ninth section of "An act relating to the metropolitan board of health, and to the duties and powers of the commissioners of said board and the salaries of their subordinates, passed in 1867, provides as follows: "No preliminary injunction shall be granted against the metropolitan board of health, or of police, or its or their officers, or against the commissioners of said board in their capacity as a board of excise, or against the last named board, except by the supreme court, at a special or general term thereof, after service of at least eight days' notice of a motion for such injunction, together with copies of the papers on which the motion for such injunction is to be made."

*Held*, that this is a *public*, and not a private or local law, and therefore, not exposed to the constitutional objection of containing other subjects than those expressed in its title.

The act creating the metropolitan sanitary district is, essentially, a *penal* law, and therefore is a *public* act.

This act of 1867, being constitutionally valid, it deprives this court of jurisdiction to hear any motion for an injunction against the boards and officers named in it.

*Special Term, April,* 1868.

THIS was a motion for an injunction *pendente lite*, restraining the defendants, the commissioners of police, from placing policemen upon the sidewalks in front of the plaintiff's auction store, for the purpose of warning persons from entering therein.

A preliminary objection was taken by the defendants to the jurisdiction of this court, founded upon the ninth section of the act entitled "An act relating to the metropolitan board of health, and to the duties and powers of the commissioners of said board and the salaries of their subordinates," passed in 1867 (*Sess. Laws* 1867, *p.* 2410), which ninth section is as follows: "No preliminary injunction shall be granted against the metropolitan board of health, or of police, or its or their officers, or against the commissioners of said board, in their capacity as a board of excise, or against the last named board, except by the supreme court, at a special or general term thereof, after service of at least eight days' notice of a motion for such injunction, together with copies of the papers on which the motion for such injunction is to be made."

R. D. HOLMES and C. S. SPENCER, *for plaintiff.*
A. J. VANDERPOEL, *for defendants.*

MONELL, J.  The superior court of the city of New York has general power, under the jurisdiction conferred upon it by the thirty-third section of the Code of Procedure, to grant the relief demanded by the plaintiff in this action, unless it is deprived of such power by the provisions of the act above referred to.  Such court was created by the legislature, and derives all its jurisdiction and powers from that body.  Those powers and jurisdiction can at any time be enlarged or diminished by the legislature.  If, therefore, that part of the ninth section of the act referred to which relates to the defendants in this action is valid, there can be no doubt, I think, that this court is not allowed to entertain this motion.

The act creating a metropolitan sanitary district and board of health was passed in 1866 (*Sess. Laws, p.* 114), and the act of 1867, which contains the section I have quoted, is in aid of and additional to the former act, and in its effect is to be regarded *in pari materia.*

The title of each of the acts expresses but a single subject, and that relates to the board of health. The board of police is not named in the title; and any provisions which relate to any subjects other than such as are expressed in the title, are void, under the sixteenth section of the third article of the constitution, if the act is a private or local law.

I do not think it necessary, on this motion, to determine whether the provision which limits jurisdiction to the supreme court, so far as it relates to the board of police, is a different subject from such as is expressed in the title of the act. There is another ground, which, in my judgment, must control the decision.

The constitutional provision is confined to *private or local laws*, and has no effect whatever upon any provision contained in a *general* statute. Such latter statutes may embrace as many and as incongruous subjects as the legislature may see fit to include in them.

Nor do I find any difficulty in applying the limitation of jurisdiction, as contained in the section referred to, to the board of police and its officers. They are expressly named; and I can find no reason for supposing that the legislature did not intend to confine applications for injunctions against such board and officers to the supreme court. If the act is a general statute, its title was of no consequence; and it would be quite as valid if it had no title whatever. Such statutes require only an enacting clause (*Constitution, art. 3, § 14*).

An examination of the statute under consideration has satisfied me that it is a public, and not a private or local law, and, therefore, not exposed to the constitutional objection.

I recently examined this question in the case of *Bretz* agt. *The Mayor, Aldermen, &c. of New York,* and there pointed out the distinction between general and private statutes (*see N. Y. Transcript of April* 11, 1868). I then endeavored to show that statutes local in one sense, may nevertheless be

in some cases general statutes; and that it was not necessary to render a statute a public act, that its provisions should be equally applicable to all parts of the state. It was enough if they extended to all persons doing or omitting to do an act within the territorial limits described in the statute. Another distinction which I pointed out was, that all statutes which are of a penal nature are public laws, although they may be limited in their operations and effects to particular localities or parts of the state. I referred to several cases in support of these distinctions (*Pierce* agt. *Kimball,* 9 *Greenl. R.* 54; *Burnham* agt. *Webster,* 5 *Mass. R.* 266; *Jenkins* agt. *Union Turnpike Co.* 1 *Caines' R.* 86; *Bank of Utica* agt. *Smedes,* 3 *Cow. R.* 684; *White* agt. *Syracuse & Utica Railroad Co.* 14 *Barb. R.* 559; *Herisdia* agt. *Ayres,* 12 *Pick. R.* 344).

These cases abundantly establish that all local laws which are either penal in their nature, affecting all who offend their provisions, and all remedial statutes, where all persons may come within their purview, are general and not private laws.

The act creating the metropolitan sanitary district is essentially a penal, and, therefore, a public act.

A brief examination will establish this. It provides that any person omitting to keep a registry of births and deaths shall be liable to a fine of ten dollars. The police may arrest any person who shall violate any act or thing forbidden by any law or ordinance of the board of health, which offense is declared to be a misdemeanor. Courts may punish for contempt, and enforce obedience of the orders of the board. The board is authorized to make such bylaws, rules, and regulations as it may deem advisable for the protection of life and health, which bylaws may be enforced by a penalty not exceeding fifty dollars for each offense. And generally the act provides that whoever shall violate any of the provisions of the act, or any order of the board, or any bylaw or ordinance thereof, or shall obstruct or interfere with

any person in the execution of any order of the board, or any order of the board of police, or wilfully omit to obey any such order, shall be guilty of a misdemeanor, and be liable to be indicted and punished for such offense.

The general scope and purpose of the act is to protect the public life and health, and a very large portion of the powers conferred upon the board to carry out the objects of the law are of a mixed magisterial and police character; and although limited in their functions to a fractional part of the state, affect all persons who offend its provisions, or are brought within its purview. The board of health is comprised in part of the police commissioners, which commissioners, in their capacity of police officials, are directed to co-operate with and assist in enforcing obedience to the orders and ordinances of the board of health, and to cause the arrest of all offenders.

In these large and general powers, which are so liberally and properly given to the board of health, all the people of the state are interested, to the extent at least, that all the people are affected more or less by the sanitary condition of this vast and populous city. So all the people of the state are amenable to the provisions of the law, and may be subjected to its penalties.

In determining that the act under consideration is a penal statute, whose penalties reach all persons, whether inhabitants of the metropolitan district or otherwise, I have disposed of the only objection to its validity; and it follows, under the competency of the legislature to deprive this court of any of its jurisdiction, that the motion for a temporary injunction cannot be sustained.

The suggestion that this was a motion for a permanent or perpetual, and not for a temporary injunction, and, therefore, not within the letter of the statute, has no force. All injunctions are temporary which are *pendente lite*. Permanent injunctions can be obtained only by a judgment of the

court after a trial of the action (1 *Barb. Ch. R.* 613; *Code,* §§ 219, 220, 221).

The motion must be denied, with $10 costs.