But by the Court.

The declaration is not good, and is drawn in a very unskilful manner; but the plaintiff insists that the defects are cured by the verdict. The general rule is that if, in the count, there appears to be a good title to make the demand which is defectively set out, the verdict may cure the defect. But a verdict will not cure a bad title.
The objections to the declaration in this case are, that no person whatever is alleged to have received any fees for the service of the execution, (a) and that the money supposed to be paid by the plaintiff is not alleged to have been paid on that account. This last objection may be cured by the verdict, for it is a defective and untechnical manner of alleging that 2 dollars and 25 cents were received for fees in serving the execution, which sum exceeded the legal fees by 1 dollar and 36 cents. But the first objection is fatal, no person whatever being charged with extortion. In fact, the plaintiff has not shown any title to demand this penalty of the defendant ; and to consider the verdict as curing an insufficiency of this kind is going farther than any of the cases will support. (b)

Let judgment be arrested.

The Chief Justice observed that the issue joined in this case was on the plea of not guilty, pleaded probably on the dictum in the *469 case of Coppin, qui tam, vs. Carter, (1) but that the old plea of nil debet was the safest; and that, upon the plea of not guilty, if the jury find the defendant guilty, they ought also to find the forfeiture, which in this case was not done. If the declaration had been good, perhaps a venire facias de nova would have been awarded, for the insufficiency of the verdict. (a)
Mellen for the defendant.

 Shattuck vs. Woods, 1 Pick. 171. — Runnels vs. Fletcher, 15 Mass. Rep. 525.

 Avery & Al. vs. Tyringham, 3 Mass. Rep. 160. — Wells vs. Prince, 4 Mass. Rep. 67. — Fuller vs. Holdings Ibid. 498. — Moor vs. Boswell, 5 Mass. Rep. 306. — Riddle vs. Prop. L. & C. M. River, 7 Mass. Rep. 369. — Kingsley vs. Bill & 9 Mass. Rep 198. — Crocker & Ux. vs. Whitney, 10 Mass. Rep. 316. — Barstow & Al. vs. Fossett, 11 Mass. Rep. 250. — Hopkins vs. Young, 11 Mass. Rep. 302.

 1 Term R. 462.

 Burnam vs. Webster, 5 Mass. Rep. 266. — Commonwealth vs. Stevens, 15 Mass. Rep. 195. — Williams vs. The H. & Q., B. & T. Corporation, 4 Pick. 341. — Richardson vs. Eastman, 12 Mass. Rep. 305. — Ward vs. Bartholomew, 6 Pick. 240.