## CHESLEY vs. BROWN.

In an action of debt brought against one in pursuance of the provisions of *stat.* of 1821, *ch.* 105, *sec.* 5, to recover a penalty for falsely, corruptly and wilfully certifying to a greater number of days attendance as a witness in a cause, than were actually attended, it was held to be sufficient for the plaintiff to prove that the certificate was *false ;* — that it was made *corruptly* and *wilfully* would follow as a legal inference, unless proved by the defendant to have been made otherwise.

*Held* also, that it was the duty of the jury to return a verdict merely of the *indebtedness* or *non-indebtedness* of the defendant, and that it was the proper office of the *Court* to assess the fine or penalty.

*Held* further, that where the penalty was not less than $5, nor more than $30, and the plaintiff recovered less than $20, the action having been originally commenced in the Court of Common Pleas, he was nevertheless entitled to *full costs.*

THIS was an action of debt founded on the 5th *sec.* of *ch.* 105 of the revised statutes, which provides that, " if any witness shall falsely, wilfully and corruptly certify that he has travelled a greater number of miles, or attended a greater number of days than he has actually travelled or attended, he shall forfeit and pay, not less than five dollars nor more than thirty dollars for each offence, to be recovered with costs, either by presentment in the Supreme Judicial Court or Court of Common Pleas, in which case the forfeiture shall accrue to the State, or by *action of debt* in any Court of *competent* jurisdiction, in which case the forfeiture shall be for the use of *any person* who may sue for the same."

The declaration set forth a case, in the language of the statute, of a false certificate made by the defendant as to the number of days attendance as a witness in a cause pending in the Court of Common Pleas in the county of *Cumberland.* The general issue was pleaded ; on which the case was tried before *Whitman C. J.* in the Court of Common Pleas.

The counsel for the defendant contended that, it was not enough for the plaintiff to support the issue, to prove merely that the certificate of the defendant was false, but that he was bound to prove that it was made *corruptly, falsely* and *wilfully.* But the Court ruled that, if the plaintiff proved the certificate *false,* it must be

presumed to have been done corruptly and wilfully, unless the defendant could show it to have been done otherwise, and so instructed the jury. And the Court further instructed the jury that if they should find for the plaintiff, they might find the defendant indebted in manner and form as the plaintiff had alleged, without anything more, and that the Court would fix the amount of the forfeiture or penalty. The jury returned their verdict for the plaintiff according to these instructions, and the Court awarded the sum of five dollars, as the penalty to be recovered by the plaintiff, with *full costs* of suit.

To the above ruling and instructions the defendant filed his bill of exceptions, on which the cause was brought into this Court. He also filed a motion for judgment in his favor *non obstante veredicto*, the jury having neither found or assessed any damages therein ; but the Court overruled and refused the motion.

*Fessenden, Deblois* and *Haines*, for the defendant, contended that the ruling of the Judge in the Court of Common Pleas was erroneous. It was not the duty of the defendant to show that the act done by him was not done *corruptly* and *wilfully* ; but the burthen of proof in this respect was on the plaintiff. The statute is a highly penal one, and should therefore be strictly construed, and the offence strictly proved.

To constitute the offence, the certificate must have been made not only falsely but *corruptly* and *wilfully*. This is a material averment in the declaration, and consequently should be proved. *Gibson* v. *Jenney,* 15 *Mass.* 205 ; *Esp. Ev.* 128 ; *Commonwealth* v. *Samuel,* 2 *Pick.* 103 ; *Little* v. *Thompson,* 2 *Greenl.* 228 ; *Moore* v. *Bosworth,* 5 *Mass.* 306 ; *Greenfield* v. *Cushman,* 16 *Mass.* 393 ; 1 *Stark. Ev.* 377 ; *Williams* v. *East India Co.* 3 *East,* 192 ; 1 *Stark. Ev.* 379 ; *Rex* v. *Rogers,* 2 *Camp.* 654 ; *Powell* v. *Milburn,* 3 *Wil.* 162 ; 1 *Phil. Ev.* 158 ; *Rex* v. *Corden,* 4 *Burr.* 2279.

2. The jury should have been instructed to find the penalty. It is according to the course of the common law that they should thus find. *Little* v. *Thompson,* 2 *Greenl.* 228 ; *Holloway qui tam* v. *Bennett,* 3 *T. Rep.* 448 ; *Pushall* v. *Layton,* 2 *T. Rep.* 512. And where a statute gives damages the jury must assess them. *Lobdells* v. *New Bedford,* 1 *Mass.* 153 ; 1 *Dane's Abr.* 548 ; *Cross* v. *U. States,* 1 *Gall,* 26.

In this case, there being a *maximum* and *minimum* of damages or penalty, the jury who are to judge of the aggravation should find the penalty. Where, however, the fine goes to the State, the Court may give judgment for it; but when it goes to the individual suing therefor, the jury must assess it. *Dyer* v. *Hunnewell,* 12 *Mass.* 271; *Stilson* v. *Tobey,* 2 *Mass.* 521.

3. But if the plaintiff is entitled to recover any thing, he is entitled to *quarter costs* only. The action was commenced originally in the Court of Common Pleas, and he recovered less than $20.

*J. C. Woodman,* for the plaintiff, being stopped by the Court, as to the first point, cited the following authorities, to shew that it belonged to the Court to assess the penalty: 1 *Chitty Pl.* 97, 325; *North* v. *Wingate, Cro. Chas.* 559; *Sayer on Dam.* 63, 71; *North* v. *Musgrave,* 1 *Roll's Abr.* 574; 9 *Dane's Abr.* 457; *Moore* v. *Smith,* 1 *Greenl.* 490; *Eddy* v. *Oliver,* 5 *Dane's Abr.* art. 254, *sec.* 3.

The Court of Common Pleas being, in this case, a court of *competent jurisdiction,* the plaintiff is entitled to *full costs. Hathorne* v. *Cate,* 5 *Greenl.* 74; *Burnham* v. *Webster,* 5 *Mass.* 270; *Lyman* v. *Warren,* 12 *Mass.* 412; 9 *Dane's Abr. ch.* 148, *art.* 14, *sec.* 4.

The opinion of the Court was delivered at an adjourned term of the Court, held in this county, in *August* following, by

MELLEN C. J. — This action is founded on the 5th section of chapter 105 of the revised statutes, which provides, that "if any witness shall falsely, wilfully, and corruptly certify that he has travelled a greater number of miles, or attended a greater number of days, than he has actually travelled or attended, he shall forfeit and pay, not *less* than five dollars nor *more* than thirty dollars for every offence, to be recovered with costs, either by presentment in the Supreme Judicial Court, or Court of Common Pleas, in which case, the forfeiture shall accrue to the State, or by *action of debt* in any court of *competent* jurisdiction; in which case, the forfeiture shall be for the use of *any person* who may sue for the same." On the plea of *nil debit* the action was tried in the Court of Common Pleas, and is now before us, on

exceptions taken to the instructions given to the jury. The question is, whether *either* of them was incorrect. The exceptions state, that the certificate of the defendant was *false*, because he certified *two* days attendance, when in fact, he attended as a witness but *one* day.

1. Was the *first* instruction of the presiding Judge correct? He instructed the jury, that if the certificate was proved to them to be *false*, it must be *presumed* to have been made *wilfully* and *corruptly*, unless the defendant could prove it to have been made *otherwise*. It does not appear that he offered any extenuating or explanatory evidence, tending to repel the presumption mentioned by the Court: of course, we may properly conclude, that no such evidence existed. In an action of slander, for words in themselves actionable, the plaintiff is not obliged in the opening of his cause, to do anything more than prove the speaking of the words as alleged. The legal presumption is, that they were uttered maliciously; but the defendant may repel and control this presumption by proving the *truth* of the words; or, if not, that they were spoken *lawfully*, or in circumstances showing that there was *no malice whatever*. These are familiar principles in daily practice. So in actions for malicious prosecution, *malice* is presumed, in the absence of proof of *probable cause*. So in case of homicide, the general rule is, that the law infers malice from the very act of killing; and all the circumstances of necessity, accident, or infirmity which justify, excuse or extenuate the act, are to be proved by the prisoner. *Foster's Crown Law*, 255; 2 *Stark. Ev.* 948. So the law presumes malice, in the case of homicide by poison. *Starkie, vol.* 1. *page* 23, says, "The ground of all presumptions is the necessary or usual *connection* between facts and circumstances, the knowledge of which *con-nection* results from experience and reflection. A presumption may be defined to be an inference as to the existence of a fact, *not* actually *known*, arising from its necessary or usual connection with others which *are* known." When the defendant certified *falsely* that he had attended as a witness *two* days, when in fact, he had attended but *one*, he must be *presumed* to know that he certified a *falsehood:* indeed, the case states the fact that it was a *falsehood:* why then should not the above principle, quoted from

Chesley v. Brown.

*Starkie*, be applicable; namely, that facts *not* known, should be presumed from their usual connection with those which *are* known. *Falsehood* and *fraud* are intimately connected; and when a man puts his name to a falsehood, certifying it to be the truth, must he not be *presumed* to have done it *wilfully* and *corruptly?* Could he have done it with any good motive, or under circumstances which would excuse it? If he could, the defendant had an opportunity to prove it in the present case. We are all of opinion that the *first* instruction of the Judge was correct, and consonant to well settled principles.

2. The *second* question is, whether it was the province of the *Court* or the *jury* to decide the amount of the forfeiture incurred by the unlawful act of the defendant. It is clear that he cannot have suffered anything by the assessment of the amount by the Court, inasmuch as the statute *minimum* was the amount. The case of *Holloway* v. *Bennet*, was a *qui tam* action to recover *several* penalties for *several* breaches of the act of 13 of *Geo.* 3. The jury gave a verdict for only *one* penalty of £50. Whether *more* than one had been forfeited, was a question of *fact* for the jury to decide. The case of *Lobdell* v. *New Bedford*, was an action against the defendant for a defect in a highway, for which *double* damages were recoverable. The jury gave a verdict for *single* damages, and the Court entered judgment for double the amount. In the case of *Cross in error* v. *United States*, 1 *Gal.* *Rep.* 26, it was decided, that in a case where *double* damages were recoverable, the jury might assess them or the Court. But that was an action for a penalty equal to *double* the value of a vessel and cargo, as forfeited under the embargo act of *January* 9, 1808: of course, in such a case it was the exclusive province of the jury to decide the *single value* of the vessel and cargo. The foregoing cases, cited by the defendant's counsel, evidently differ from the case before us; for in this, no value of property is to be estimated, and *only one* penalty is demanded. In the case of *Stilson* v. *Tobey*, 2 *Mass.* 521, in a note, it is stated by *Parsons C. J.* that the issue in that case was joined on the plea of *not guilty*, and that upon *such* a plea, if the jury find the defendant guilty, they ought also to *find the forfeiture*, which they had not done. In the case of *Commonwealth* v. *Stevens*, 15

*Mass.* 195, the plea was, *not guilty.* The counsel for the defendants cited the case of *Stilson* v. *Tobey,* in support of his objection that the Court should not have imposed the fines, but that it was the province of the jury to assess the penalty; yet the Court, in giving their opinion, say, "under the plea of *not guilty* the jury *could not* assess the fine. Had the respondent pleaded *nil debit,* which would have been the most regular, it would have been *otherwise.*" The above prosecution was instituted by complaint before a justice of the peace, to recover two fines for unmilitary conduct on two muster days, and decided on appeal in the Court of Common Pleas. These two cases seem to be in direct opposition to each other. According to the law, as laid down by *Parsons C. J.* in *Stilson* v. *Tobey,* the proceedings in *Commonwealth* v. *Stevens,* should have been quashed; for *both* cases were tried on the plea of *not guilty.* Chapter 51 of the revised statutes, in the 11th section, requires that every executor, knowing of his appointment, shall within thirty days next after the death of the testator, cause such will to be filed in the probate office, for probate; and provides that every executor who shall neglect so to do, without just excuse, accepted by the Judge of Probate, shall forfeit a sum not exceeding sixteen dollars per month, until he shall so file such will; and that judgment may be rendered *by the Court* for *any sum,* not exceeding sixteen dollars per month as aforesaid. Here is a legislative declaration as to the propriety of having the amount of penalty settled by the *Court,* rather than the jury, where no sum *certain* is fixed by law, as in that case and in the case before us. It is very clear, that if the defendant had been prosecuted by indictment for the penalty incurred, instead of an action of debt, the jury could have only found the issue, guilty or not guilty, and the Court would have settled the amount of the penalty to be exacted of the defendant; now what reason can be assigned why they should not do the same in an action of debt? If the amount is to depend on the sound discretion of the Court in *one* case, why not in the *other.* Besides, the declaration alleges that by the offence charged, the defendant has forfeited a sum not less than *five* dollars nor more than *thirty* dollars. The plea is *nil debit;* this does not put the *amount* in issue, but only the question whether

the defendant owes *anything*; or in other words, whether he has *violated the statute*, and incurred any forfeiture. Considering that the authorities seem to sanction either course of proceeding in such cases, and that no possible injury can have been done to the defendant by the decision of the Court, in assessing the *minimum* penalty, we do not feel disposed to grant a new trial on that ground, but sustain and approve of the instruction given by the Judge. See also *Cro. Car.* 559, and *Sayer on damages*, 63, 71.

3. *As to the question of costs, it is true that by the 3d section* of chapter 59 of the revised statutes, a plaintiff who shall recover no more than twenty dollars debt or damage, in any action originally commenced in the Court of Common Pleas, shall recover no more than one quarter part of such debt or damages, as his costs: but this provision was undoubtedly designed to apply to those cases where the action *might* have been commenced before a justice of the peace; and the loss of a large part of his costs was intended as a sort of punishment upon him for unnecessarily and improperly commencing his action in the Court of Common Pleas, when a less expensive tribunal was open to him. We must, as other courts have done, give a reasonable construction to the above section: hence, it has been decided, that if the plaintiff's damages are reduced below $20 by means of the defendant's offset, still, full costs have been allowed. In the present instance, it will be found on examination, that the plaintiff could not have commenced his action before a justice of the peace of the county of *Cumberland*, because the defendant is an inhabitant of the county of *Oxford*; nor before a justice of the peace in the county of *Oxford*, because the *offence* was committed in *Portland* in the county of *Cumberland*. On this point we allude to the provision in the forty-fifth section of *ch.* 59 of the revised statutes, which is, that in all informations to be exhibited, and in all actions or suits to be commenced against any person or persons on behalf of *any informer*, or on behalf of the State and any informer, for any offence committed against any penal statute, the offence shall be laid and alleged to have been committed in the county where it was in fact committed, and if not proved to have been *there* committed, the issue shall be found

for the defendant. The penalty sued for in this case is recovera-
ble by *any person* who will sue for the same ; that is, as *Judge
Blackstone* says, by any *common informer; 3 Bl. Com.* 161 ;
and in this capacity the present plaintiff prosecutes. We may
further remark that in the case of *Carroll & al.* v. *Richardson,
Treasurer, &c. 9 Mass.* 329, which was an action for a penalty,
made recoverable by the *defendants only*, and not by a *common
informer*, the Court say, that though the penalty was from *two* to
*fifty* dollars, still the defendants, who were the original plaintiffs,
had a right to claim and sue for *less* than the *whole* penalty, as
they had done, by suing for $20 only ; but had the forfeiture
been wholly to the *public*, or part to the *plaintiff* and part to the
*public*, or to a county, town, &c. the objection would certainly
have great weight. On the whole we think the instruction of
the Judge on this point also was correct. And we are all of the
opinion that the exceptions cannot be sustained.

*Exceptions overruled and Judgment on the verdict.*