ORAMEL H. SMITH v. IRA DAY.

*Trial of issue of fact by court. Payment. Release of surety.*

If, upon the trial of an issue of fact by the court, in the county court, the facts found and stated upon the bill of exceptions, together with such inferences as may properly be made and legitimately drawn from them, are sufficient in law to uphold the judgment, it will not be reversed, although the case may not expressly find such inferences and deductions to have been made by the court below.

The defendant, who was the holder of four promisory notes, payable to himself, secured by mortgage, sold and indorsed to A. three of the notes, giving him, by writing, a lien upon the mortgage for their security, and subsequently assigned the remaining note and the mortgage to B. W., who held a second mortgage upon the same premises to secure notes due to himself from the mortgagor, subsequently purchased from B. the note held by him and the mortgage assigned to him by the defendant, and then procured the mortgagor to convey the

premises, and himself received the purchase money and executed to the purchaser an indemnity against the mortgages, and at the same time discharged both mortgages,—knowing at the time that A. had a lien upon the first mortgage for the security of the notes held by him. Subsequently the plaintiff, at the procurement and for the benefit of W., purchased of A. the notes held by him, and commenced a suit upon one of the notes against the defendant, as indorser. *Held,* that the suit must be treated, as though W. were plaintiff, and that, by the transactions, W. became the owner of the equity of redemption in the premises, and that the purchase of the note in suit, by his procurement and for his benefit, must be regarded as a payment and satisfaction of the note.

Any act of the creditor will discharge the surety, which impairs the securities of the surety and is done without his consent.

Assumpsit against the defendant as indorser of a promissory note for 200,00, dated April 22, 1842, executed by Harvey Bancroft, payable to the defendant, or order, and by the defendant indorsed to Elisha Cummings, or bearer. The suit was commenced in the county of Washington. Plea, the general issue, and trial by the court, May Term, 1851,—Redfield, J., presiding.

All the testimony given upon the trial was detailed in the bill of exceptions, and was substantially as follows. The defendant, April 22, 1842, sold to Bancroft a piece of land in Plainfield for $700,00, and Bancroft then executed to the defendant four notes, and also executed a mortgage of the land as security for their payment. The defendant soon afterwards sold to Elisha Cummings the two notes first falling due, one of which was the note now in suit, and at the same time executed to Cummings a writing, giving him a lien upon the mortgage for their security. Subsequently the defendant sold the third note to Cummings, and then executed to him another writing, giving him a lien upon the mortgage to secure that note. Each of these notes was indorsed by the defendant, in blank, at the time of the transfer to Cummings, and the special indorsement to Elisha Cummings, or bearer, was subsequently written over his name, by his consent. About the first of December, 1842, the defendant sold the fourth note and the mortgage to Avery Cummings, and assigned the mortgage to him, without informing him, that Elisha Cummings had any lien upon the mortgage for the security of the notes transferred to him. In December, 1842, and before the note in suit fell due, Bancroft failed, and ever after remained insolvent. Elisha

XXIII.    83

Cummings, at the time of the failure of Bancroft, delivered the three notes, which he held, to Joseph A. Wing, for collection, with instructions to demand payment of Bancroft and give notice to the defendant of the non-payment. Wing demanded payment of the note in suit and gave notice to the defendant of the non-payment. Bancroft, at the time of his failure, was indebted to Wing, and in June, 1844, he executed to Wing a mortgage of the same premises and others, to secure two notes of $400,00 each, due from him to Wing. Wing commenced an action, in the name of Elisha Cummings, against the defendant, as indorser of the first note which fell due, and the suit was reviewed by the defendant, and previous to the next term of the court Bancroft paid a part of the note to Cummings, and Wing, at the request of Bancroft, paid the residue; and the defendant then said, that if he had to pay the notes to Elisha Cummings, he would foreclose the mortgage. In April, 1845, the plaintiff, at the request of Wing, purchased of Elisha Cummings the two remaining notes held by him, and the plaintiff and Wing gave their note for the amount; and Wing subsequently paid $149,00 upon that note and also paid the interest upon it, each year. The plaintiff immediately commenced this suit. The defendant, immediately after the sale of the notes by Elisha Cummings to the plaintiff, wrote to Wing, that Elisha Cummings had no lien upon the mortgage to secure his notes; but Elisha Cummings had previously informed Wing, that he had a writing, giving him a lien upon the land. Subsequently Wing purchased of Avery Cummings the note held by him and the mortgage. Bancroft, after he purchased of the defendant, made improvements upon the land to the amount of $300. Wing, after he had purchased of Avery Cummings, agreed with Bancroft, that if he would sell the mortgaged premises, he, Wing, would discharge both mortgages, if he could have the purchase money; and in pursuance of this agreement, October 25, 1845, a sale of a portion of the premises was made by Bancroft to John Lawrence, for which Wing received $625,00, and another piece was about the same time sold to one Whittlesey, and Wing received about $300,00 of the purchase money, and Wing had another small parcel of the land, worth about $50,00; and Wing executed to Lawrence and Whittlesey bonds to indemnify them against all cost and trouble by reason of the mortgages, and at the same time discharged both mort-

gages. Wing applied all the money received by him from the land upon the debts due to him from Bancroft, including his mortgage debt of $800,00, and no part of the avails was applied upon the notes given to the defendant, and there was not sufficient to pay the amount of Bancroft's indebtedness to Wing by $1000,00, without including any of the mortgage notes given to the defendant.

Joseph A. Wing, who was the principal witness in the case, testified, in addition to the foregoing facts, that although Elisha Cummings had told him, that he held a writing giving him a lien upon the land, yet that Day said there was no such lien, and that he purchased the note and mortgage of Avery Cummings, supposing that there was no lien upon the land for the three first notes, and for the purpose of obtaining a good title to the land; that he told the plaintiff, that if he would bring suits upon these notes, he might have the bills of cost, as he, Wing, was so situated, that he did not like to sue them; that he had sold his interest in these notes to the plaintiff upon a former trial, and taken the plaintiff's note for $149,00, and had since given it back to him; that he did not know, that he was bound to indemnify the plaintiff, but that he intended to do what was honorable, and presumed he should make the plaintiff good, if he lost.

The county court rendered judgment for the defendant. Exceptions by plaintiff.

*J. A. Wing* and *O. H. Smith* for plaintiff.

The facts detailed do not constitute any defence to the note. The liability of the defendant, as indorser, became fixed, and nothing but a payment by Bancroft would relieve him. The plaintiff was the *bona fide* purchaser of the note, for value, and is still liable upon the note executed by him for the purchase. He does not, then, stand as the trustee of Wing, but has an interest in the suit, which Wing could not discharge. If Wing had purchased the notes of Elisha Cummings, and brought this suit in his own name, it could not have been treated as an extinguishment of the debt. Wing held a second mortgage upon the premises, and was under no obligation to pay off the first incumbrance; he could have kept the notes in force against Bancroft and have held all the rights of Elisha Cummings to collect the notes of the indorser.

The principles of law in relation to mortgages have been clearly and definitely settled in this state, as follows. If A. hold several notes against B., secured by mortgage, he has a right to discharge the mortgage, without receiving pay upon the notes; and then, if he sell the notes to different persons, the purchasers have no lien on the land. If A. hold several notes against B., secured by mortgage, and sell the first note and assign the whole of the mortgage, he cannot claim any interest in the land to secure the notes retained; and neither can those, who may purchase those notes of him, have any lien on the land, as it is a mere matter of contract, who shall hold the security for the notes. *Langdon* v. *Keith,* 9 Vt. 299. *Wright* v. *Parker,* 2 Aik. 212. If A. hold several notes secured by mortgage, and sell one of the notes to B. and one to C., and they agree, that they shall have no lien on the mortgage, then they have no lien; it is mere matter of contract. If A. hold several notes secured by mortgage, and sell them to B., C. and D., severally, without any express contract, then the law implies, that they shall hold a lien in proportion to their several notes. *Keyes et ux.* v. *Wood,* 21 Vt. 331. *Belding* v. *Manly et al.,* 21 Vt. 550. These principles have no tendency to support the defence in this suit. The case of *Pratt et al.* v. *Bank of Bennington et al.,* 10 Vt. 293, decides, that there can be no merger, unless both estates vested in one person at the same time. Consequently in the case at bar there could be no merger of the estate, as Wing never stood in any other light than mortgagee. There has been no technical payment of the note, as in the case of *Viles et al.* v. *Moulton,* 11 Vt. 470. Wing never purchased the equity of redemption, nor agreed to pay the incumbrance.

The defendant is estopped, by the covenants in his deed of assignment to Avery Cummings, from all claim on the mortgage, as against Avery Cummings, or his assignee, Wing.

*Merrill* and *Peck & Colby* for defendant.

The case finds, that Wing is the actual plaintiff in the case at bar. Wing was a subsequent mortgagee of the premises, and sold the premises and received the proceeds, being more than sufficient to satisfy the first mortgage. In this sale Wing was the real actor; he discharged the mortgage, gave a bond to the purchasers to warrant the title, and received the purchase money. He knew the fact,

Smith *v.* Day.

that a lien on the mortgage was expressly given to secure the note in suit; and this note was purchased and paid for by him.

This proceeding was equivalent to the purchase, or foreclosure, of the equity of redemption by Wing, and his purchase of the note in suit operated as a payment of it. *Lovell* v. *Leland,* 3 Vt. 581. *Converse* v. *Cook,* 8 Vt. 164. *Viles et al.* v. *Moulton,* 11 Vt. 470. *Kinley* v. *Hill,* 4 Watts & Serg. 426.

Elisha Cummings had a lien on the mortgage for the security of this note; and Avery Cummings and Wing had constructive notice of the lien. *Keyes et ux.* v. *Wood et al.,* 21 Vt. 332. *Betz* v. *Heebner,* 1 Penn. 280. But Wing had actual notice.

A recovery in this case would operate as a fraud upon the defendant, who is a mere surety. It would enable Wing to appropriate the property pledged for the debt, and also to recover the same debt of the surety,—and this when he has put it out of his power to assign the mortgage to the surety. 1 Story's Eq. 477, 480. *Haynes* v. *Ward,* 4 Johns. Ch. R. 130.

The opinion of the court was delivered by

KELLOGG, J. The county court having rendered judgment for the defendant upon the facts stated in the bill of exceptions, the question presented for consideration is, whether the facts reported are sufficient to sustain the judgment. And in considering the question the same rule is to be observed, which is uniformly applied by this court to judgments upon the reports of auditors. If the facts found, together with such *inferences as may properly be made and legitimately drawn* from them, are sufficient in law to uphold the judgment, it will not be reversed, although the case may not *expressly find* such inferences and deductions to have been made by the court below. This, however, is always to be presumed, in support of the judgment.

From the facts set forth in the bill of exceptions it seems to us very obvious, that whatever agency the plaintiff had in the business was by the procurement of Wing, and for his sole benefit; and that upon these facts the county court might well come to the conclusion, that the present suit was prosecuted for the sole benefit of Wing. Indeed, it does not appear, that the plaintiff has any interest in the suit. The suit being for the benefit of Wing, the note purchased

and suit instituted and prosecuted by his procurement, it may well be treated as his suit. The question, then, arises, do the facts, justify a recovery by Wing ?

Wing was a subsequent mortgagee to Day of the premises mortgaged by Bancroft, and, from the facts appearing in the case, it can hardly be doubted, we think, that Wing subsequently acquired the equity of redemption, though Bancroft did not convey it directly to Wing, but to the person to whom Wing conveyed the premises. Upon the sale of the premises and the receipt of the purchase money, Wing discharged both mortgages, thereby extinguishing the security originally taken by Day to secure the payment of the note in suit. Wing had not only *constructive* but actual notice of the lien upon the mortgage for the payment of this note. His *purchase* of the note, under such circumstances, must be regarded as a payment and satisfaction of the note. He cannot be allowed to keep it on foot, as an outstanding claim. *Converse* v. *Cook*, 8 Vt. 16.

Again, Day being a surety, upon a recovery against him he would be entitled to be subrogated to all the securities pledged by the principal (Bancroft) for the payment of the note; and Wing having cancelled these securities, that fact alone would be sufficient to defeat his recovery against the defendant. It is an act of the creditor impairing the securities of the surety, and being done without his consent, it operates to his prejudice, and, upon general, well settled principles, is held to discharge him. Upon the sale of the notes to Elisha Cummings, Day gave him a lien upon the mortgage security by express agreement. But if he had not so done, and there had been no agreement to the contrary, he would have acquired such lien by the mere transfer of the notes. It is so held in *Keyes et ux.* v. *Wood et al.*, 21 Vt. 331.

It seems to us, there is no view, we can take of the facts in the case, that will warrant a judgment in favor of the plaintiff. The judgment of the county court is therefore affirmed.