Sutliff, J.
The plaintiffs in error present for our consideration the single question: Ought the judgment of the district court, upon their motion in arrest of judgment, to have been entered in their favor ?
*The answer to this question depends, as suggested by counsel for plaintiffs in error, upon the question, whether the petition discloses any cause of action. If it does not, the motion should have been sustained. If it does, the motion was properly refused.
A cause of action may be so inartificially or defectively stated as to be insufficient, when objected to by demurrer, to authorize a judgment; and at the same time, if not so objected to, the defects may be so far cured in certain cases, by verdict, as to authorize a judgment upon the verdict. And whenever the defects are so cured by verdict, it is the duty of the court to enter the judgment accordingly. The general rule is, that while a defective title is never cured by verdict, a good title defectively stated may be. A legal cause of action substantially set forth, although so inartificially stated as to be bad, if specially objected to by demurrer, is sufficient *247 after verdict, and a judgment rendered thereon is good. Tidd’s Prac. 928; 2 Mass. 521; 3 Ib. 160; 23 Vt. 656.
The plaintiffs in error, defendants below, not only did not object by demurrer to the sufficiency of the statement of the contract set up in the petition, but filed an answer, instead of a demurrer, to the petition, and in that answer set forth a contract in many respects similar in its terms to the one stated in the petition. They also admit that they entered upon the performance of the contract, and were to receive five dollars per hour for the service through the day, while rendering service. They however deny that they agreed to continue to render services as wanted through the night, as stated in the petition.
Indeed, there seems to have been no denial, on the part of the plaintiffs in error, that a contract was made by the parties, until after final verdict in the district court. But this can not supersede the necessity that the petition should disclose a cause of action.
The question presented to us is not whether a cause of action is .properly set forth in the petition, but simply whether it discloses substantially the existence of a cause of action.
The general rule that “ a verdict will aid a good title defectively *set out, but not a defective title,” requires all reasonable presumptions in favor and support of the verdict.
Under the application of this common-law rule of practice the courts have long held that where the pleadings disclose a cause of action substantially stated, defects, imperfections, and omissions in pleading, either in substance or form, which might have been fatal on demurrer, are usually cured by verdict. “ Such defect is not any jeofail after verdict.” 1 Sand. 228, note 1; Tidd’s Pr. 918, 919; Sell. Pr.; Maxfield v. Johnson, 2 Ohio. 204.
Indeed it has been well remarked that there are but few errors that can be taken advantage of by motion in arrest of judgment y as, in order to sustain such a motion, it must appear from the declaration or petition that .the plaintiff has no cause of action stated and not merely that his cause of action is defectively stated.
The principal objection urged by plaintiffs in error against the sufficiency of the cause of action disclosed by the petition, is the want of a proper statement of the consideration. As already remarked, such a defect, if it really existed in the statement of a cause of action substantially set forth, could not be taken ad *248 vantage of by motion, in arrest of judgment after verdict. It should have been met by demurrer.
But is it true that a sufficient consideration is not well stated in the petition ?
A consideration may be a valuable one — that is, one that is either a benefit to the party promising, or some trouble or prejudice to the party to whom the promise is made ; or it may consist in a mutual concurrent promise. And a promise made on such a consideration can not be regarded as nudum pactum, and void for want of consideration. 1 Parsons on Contr. 373, and cases there cited.
The petition contains the averment that the “ plaintiff entered into a contract with the defendants, by which the plaintiff promised and agreed to pay the defendants five dollars per hour, etc., for the use of their said steam-tug during the night, should the plaintiff need the same, and the defendants, in consideration of this promise *of the plaintiff, promised and agreed, if the plaintiff would remain out'with said scows Helen and Eddy, and continue to labor at said Mary Ann, that they, the defendants, would return to the harbor with said steam-tug, and would there remain with her and beep up the steam on said tug during the night; and if ■ the wind should change so as to'endanger said scows Helen and Eddy, they, the defendants, would, if called on by plaintiff, come out of the harbor with said tug and tow said scows, as well as the said Mary Ann (should she be afloat), into the harbor; and that upon the faith of said agreement, ■ ... he contracted with the owners of said scows for said scows to remain outside, and not to return to the harbor, and the plaintiff agreed to pay all damages which might happen said vessels by so remaining out of harbor.”
The petition does then aver that, in consideration of the remuneration to be made by the plaintiff, the defendants promised, upon plaintiff remaining out of harbor with said scows Helen and Eddy, and continue to labor to get the Mary Anm afloat, that they would return into harbor with their tug; would there remain and beep up steam during the night; and if at any time during the night the wind should change, they, on notice, would come out of harbor and tow in the two scows, and the other, if afloat. Here, then, a mutual concurrent promise, which we have seen is a good consideration for a promise, is clearly set forth in the petition, as a consider *249 .ation for the promise which the defendants are charged with having .made and disregarded.
The petition also sets forth a further consideration, and one which falls, obviously, under the definition of a valuable consideration. It is charged that, in consideration of the promise of remuneration so made them by plaintiff, the defendants “ promised and agreed ” if the plaintiff would remain out with said scows and continue to labor -at said Mary Ann, that they, the defendants, would return into harbor, and keep themselves in readiness, whenever requested during the night, to render the requisite assistance with their steam-tug to rescue said scows from the danger consequent upon their being so kept out of harbor by the plaintiff in order to increase the defend■ants’ chances to receive *their proposed remuneration; and the petition distinctly avers that upon the faith of the agreement so made with defendants, he contracted with the owners of said scows for them to remain out, and agreed to pay all damages which might happen to them in so remaining out. Here, then, is the averment of a valuable consideration to support the promise of defendants, to keep themselves in readiness to run out of the harboi* with the tug and tow in the scows. The petition sets forth a prejudice to the party to whom the promise of defendants .was made; that the plaintiff, at their request, and for their advantage, in order to increase the chances of getting the Mary Ann afloat, and thereby insuring defendants their remuneration, did hire the scows to remain out of harbor at his risk. And this risk of damage so assumed by plaintiff at request of defendants, and as part of the condition and consideration of their promise to keep their steam-tug in readiness to afford immediate relief, doubtless would not 'have been assumed by the plaintiff had he not relied with confidence upon the promise of defendants.
The petition also states the full performance, on the part of plaintiff, and the actual occurrence of all the conditions to make the promise of defendants, to go out of the harbor and tow in the scows, absolute and obligatory. The petition states the remaining out of the scows, the fact of their succeeding in getting the Mary Ann afloat, the change of wind endangering the scows, and that the plaintiff called upon the engineer on board the steam-tug, and gave the requisite notice and request for the promised assistance of defendants.
By fulfilling their promise, and rendering the assistance which *250 they had contracted to do, according to the statements of the petition, the defendants would not only have secured to themselves the liberal remuneration stipulated for in their contract, but would doubtless have saved the plaintiff from the damage which he complains of having sustained by reason of their delinquency.
But whatever may be said as to the sufficiency or insufficiency of the form of stating the cause of action, if the same had been met by a special demurrer, there can be no doubt that the petition *discloses a good cause of action, substantially set forth, and that the motion in arrest of judgment was properly overruled.

Judgment affirmed.

Bartley, C. J., and Swan, Brinkerhofe, and Scott, JJ., concurred.