## Case No. 15,043.

### UNITED STATES v. ELLIOT.

[25 Int. Rev. Rec. 319; 8 Reporter, 675; 14 Am. Law Rev. 247.]

Circuit Court, D. Massachusetts. Sept. 8, 1879.

STATUTORY PENALTIES—HOW RECOVERABLE—CIVIL AND CRIMINAL ACTIONS.

[1. The penalty imposed by Rev. St. § 4570, upon the owner or master of a vessel, for failure to provide the medical stores and other articles therein mentioned, may be recovered by the United States by a civil action, when the same is brought in the circuit court for the district of Massachusetts. This action may be in the form of an information in the nature of an action of debt, which is to be regarded as an action in tort.[1]

[2. A declaration to recover a statutory penalty must demand a precise sum, although the statute declares that the penalty shall be "not more than" a sum stated.]

An information in the nature of debt was filed by the attorney of the United States against the defendant [George F. Elliot] as owner and master of the American barquentine Annie E. Elliot, of Boston, to recover penalties for a breach of Rev. St. §§ 4569 and 4570, alleging, in the first count, that on the 3d day of May, 1874, said vessel was bound on a voyage from Boston "around the Cape of Good Hope," to wit, to Batavia, to Java, and that the defendant, as owner, neglected to provide the lime or lemon juice, as in said statute required, whereby an action had accrued to the United States to recover, by way of penalty, a sum of not more than five hundred dollars; and in the second count, that the defendant, as master, failed to serve out to the men lime or lemon juice on said voyage whereby the plaintiffs were entitled to recover a further sum of not more than one hundred dollars. The defendant demurred.

Frederick Dabney, for defendant.

The most appropriate remedy in this case is a criminal information or indictment. U. S. v. Abbot [Case No. 14,416]. An action or information of debt will not lie, because the penalty is not fixed, and cannot be ascertained by computation. College of Physicians v. Salmon, Ld. Raym. 680; U. S. v. Morin [Case No. 15,810]. This is the general rule in relation to that form of action. 1 Chit. Pl. 108–113; Peake, Ev. 272; Emery v. Fell, 2 Term R. 29; Bullard v. Bell [Case No. 2,121]; Gedney v. Inhabitants of Tewksbury, 3 Mass. 307; Bigelow v. Cambridge, etc., Corp. 7 Mass. 202; Stockwell v. U. S., 13 Wall. [80 U. S.] 452; Chaffee v. U. S., 18 Wall. [85 U. S.] 538.

Prentiss Cummings, Asst. U. S. Atty., for plaintiffs.

Rev. St. § 4610, appears to countenance either a civil or a criminal proceeding, some of the language being appropriate to the one mode, and some to the other. A civil action in the nature of debt is admissible. Theoretically, the sum must be fixed; but in practice any money demand may be recovered in debt. U. S. v. Colt [Case No. 14,839]; Hughes v. Insurance Co., 8 Wheat. [21 U. S.] 294; Dillingham v. Skein [Case No. 3,912a]; Ex parte Reed [Id. 11,634]. This was the law of Massachusetts until 1852, when the practice act substituted an action of tort for one of debt. Rev. St. c. 118, § 42; St. 1852, § 312; Stilson v. Tobey, 2 Mass. 521; Com. v. Stevens, 15 Mass. 195; Com. v. Connecticut River R. Co., 15 Gray, 447; Gen. St. c. 176, § 2; c. 155, §§ 20, 21. Perhaps the information should be called "tort," but the name is not important.

LOWELL, Circuit Judge. It is well settled that when pecuniary penalties are affixed by statute to an act or a neglect, and there is no imprisonment provided for, or other reason to suppose that a mere punishment is intended, and no special remedy is pointed out in the statute, a civil action (formerly always "debt") will lie for their recovery, although the penalties are for the sole use of the sovereign. Rolle, Abr. 598, pl. 18, 19; Jacob v. U. S. [Case No. 7,157]. When the practice of the courts of the United States first adopted that of the several states, penalties could be so recovered in Massachusetts. When the sovereign was interested in the penalty, it might be recovered, in England, by information in the nature of debt, which, in revenue cases, was brought in the exchequer, but in others in any of the king's courts. If an informer was interested, his rights were established by the decree. See Attorney General v. Hines, Parker. Exch. 182; U. S. v. Lyman [Case No. 15,647], per Story, J.; Rook's Case, Hardr. 20; Roe v. Roe, Id. 185; Rex v. Clark, 2 Cowp. 610; Butler v. Butler, 1 East, 338. In the vice admiralty court at Boston, in January, 1728, the advocate general exhibited an information in behalf of the king, the governor of the province, and John Jekyl, Esq., collector of the port of Boston, against Abishai Ffolgier, of Nantucket, master of the sloop Raven, for breach of the acts of trade, for that the said Ffolgier, on the 21st of December last, made report of his arrival from Nantucket with oil and whalebone, etc., but refused to give to said John Jekyl a manifest, and for certain other acts in connection with another vessel; and the decree was that the defendant pay one hundred pounds,—one third to his majesty, one-third to his excellency, the governor, and one-third to John Jekyl, the informer. Rex v. Ffolgier, 1 Vice-Adm. Records, Mass. 56. In 1831 a similar information was filed in the district court for this district against a master for not delivering his manifest, demanding a penalty of not exceeding $500. After hearing, Judge Davis awarded $5 and costs. Records, vol. 18, p. 27. There are other informations on file for pecuniary penalties. I assume, therefore, that where

debt will lie, the United States may have an information, unless the recent practice act has changed the rule,—a point to be considered hereafter.

In looking over the recent admirable collection of the province laws of Massachusetts, edited by Messrs. Ames and Goodell, I have found a great many acts imposing pecuniary penalties and forfeitures. In many of them no remedy is specifically given. In many others it is enacted that they may be recovered by "bill, plaint, or information." These words were probably used to meet the English law that a qui tam action could not be by "bill," but must be by "original" or by information. In others there is added after these words, "or by the presentment of a grand jury." In February, 1794, a statute provided that all pecuniary fines and forfeitures made, or that may be made, recoverable by bill, plaint, or information, or by any of these modes of prosecution, or where no mode of recovery is prescribed, shall and may be sued for and recovered by action of debt; saving, however, all remedies specifically given by any statute. This means, I suppose, that when the statute gave a right to file an information, or to obtain a presentment, these additional remedies should be preserved. St. 1793, c. 43, § 4. In 1801 a statute gave an alternative remedy by indictment whenever the penalty was wholly or in part for the use of the commonwealth. St. 1800, c. 57, § 4. It has remained the law of this state since 1801 that the commonwealth may have a civil action or an indictment at its election, though the form of the action is now tort. Rev. St. c. 133, § 14, and c. 118, § 42; Gen. St. c. 176, § 2.

It is in my opinion, the law of this country that debt will lie, though the amount of the penalty is uncertain. See the able judgment of Washington, J., in U. S. v. Colt [Case No. 14,839], the reasoning of which was adopted and enforced by the supreme court, though not in a case upon a statute. Hughes v. Union Ins. Co., 8 Wheat. [21 U. S.] 294; Rockwell v. State, 11 Ohio, 130; U. S. v. Allen [Case No. 14,431]. In Dane's Abr. c. 148, art. 9, § 5, it is said that for the many penalties and forfeitures enacted by congress, of not less than so much, or more than so much, debt is generally the proper remedy. In 1795 an action of debt was sustained in Massachusetts for an uncertain penalty, and the court assessed the amount. Eddy v. Oliver, 5 Dane, Abr. c. 148, art. 11, § 3. In the case of Com. v. Stevens, 15 Mass. 195, a similar action was sustained. The statute is not cited, but it must have been St. 1809, c. 108, § 34, art. 21, which imposes a penalty of not less than five nor more than twenty dollars for each offence.

Most of the foregoing cases were cited in argument, and it was urged by the defendant that they came under statutes which expressly mentioned an action of debt. This is true, and is the ground of decision in U. S. v. Allen [supra]; but the other cases do not rest upon that basis alone, but seem to me to establish, as Mr. Justice Washington asserts, a general rule that debt will lie for a penalty imposed by statute, as well as for one reserved in a bond, and that the declaration may be for the largest, or for any definite, sum, under which the penalty is to be chancered or assessed as the case may be. Our practice is now assimilated, as nearly as may be, to that of the several states at the time of suit brought (Rev. St. § 914); and an action of tort will lie in the district of Massachusetts to recover a penalty, where no other remedy is expressly or impliedly given by congress.

There is nothing in the section on which this information is brought which indicates that the exclusive remedy is a criminal proceeding. The language is, "liable to a penalty." The word "conviction" is used in the section, but this is often applied to civil prosecutions, and the context shows that the master who has been so convicted is to recover the amount of the penalty and the costs incurred by him from the owner; which seems to point to a civil action. In the many statutes and cases which I have examined I find words of a quasi criminal character constantly applied to civil actions for penalties. It is probable that informations for penalties were originally criminal. And it was always held in England that "not guilty" was a good plea to an action of debt for a penalty. See St. 21 Jac. I. c. 4, § 4; Wortley v. Herpingham, Cro. Eliz. 766; Attorney General v. Hines, Parker, Exch. 182; Atcheson v. Everitt, 1 Cowp. 382; Rex v. Clark, Id. 610. This plea was said by Parsons, C. J., to be of doubtful propriety in Stilson v. Tobey, 2 Mass. 521, 522; but the statute of James expressly authorizes it, and it was used in the cases above cited from Parker, Croke, and Cowper, Dane's Abridgement, and Com. v. Stevens, 15 Mass. 195. A striking example of the application of language imparting a criminal proceeding to a civil action for penalties is found in Adams v. Woods, 2 Cranch. [6 U. S.] 336. It may be added that many parts of our Revised Statutes clearly show that a civil action is understood to be the usual form for recovering these penalties. Rev. St. §§ 732, 919, 942, 1041, 2124, 3087, 3213. Both parties agree that Rev. St. 4610, which purports to instruct us how the penalties and forfeitures of the title may be recovered, is so drawn that it is impossible to reconcile its language with either mode of proceeding exclusively. The rule that a civil action will lie is so general, and has been so long established, that I should hesitate to deny the remedy, unless upon a clear command against it; especially as it is in favor of the citizen. Mr. Justice Story has said that an indictment cannot

be brought in such a case. Ex parte Marquand [Case No. 9,100]. Mr. Justice Clifford has pointed out that there are many cases in which the government may proceed in that mode. U. S. v. Abbot [Id. 14,416]. The case last above cited, in which I sat with the presiding justice of this circuit, does not decide that a civil action will not lie for the penalty therein mentioned. The reasoning leads to the opposite conclusion. The act (now Rev. St. § 3213) provided that all fines, penalties, and forfeitures might be sued for and recovered in the name of the United States in any proper form of action, or by any appropriate form of proceeding, qui tam, or otherwise. The decision was that the last clause gave remedies in addition to an action, and, among others, an indictment; and, by a still stronger argument, the action which is mentioned must be sustainable. If those additional words had not been in the act, the civil remedy would have been exclusive. U. S. v. Tilden [Case No. 16,523].

We have seen that in Massachusetts the state has the election to proceed by action or by indictment. This election has been expressly given in several statutes of the United States, and may be fairly inferred from others. Judge Leavitt, expressing a clear opinion that an indictment might have been sustained for a pecuniary penalty under a certain statute in which no specific remedy was given, held that an action of debt would lie. U. S. v. Bougher [Case No. 14,627]. And at common law an indictment may be maintained for a misdemeanor, in addition to a specific penalty given by another part of the statute, and recoverable civilly. Rex v. Robinson, 2 Burrows, 799; Rex v. Harris, 4 Term R. 202; Shipman v. Henbest, Id. 109.

I therefore decide that, whether the penalties of Rev. St. § 4570, can be recovered by indictment or not, they may be sued for by the United States in a civil action. I do not think that the practice act (Rev. St. § 914) intends to deprive the United States of the right to file an information, instead of bringing an action, although informations for this precise cause of action are not now brought in Massachusetts. The provision of section 3213, that any proper form may be adopted, though by its context it is probably to be confined to penalties accruing under the internal revenue laws, expresses what I think is the intent of the legislature. The government must conform substantially to the practice of Massachusetts. That practice still admits civil information, though not for penalties, and if an informer sues qui tam, he should sue in tort; and I agree with the district attorney that the information, which is the king's action, should be treated as in the nature of an action of tort.

The declaration avers that an action has accrued for not more than certain sums.

Mr. Justice Washington remarked in U. S. v. Colt [supra], that the declaration should demand a precise sum, and leave the court or jury to assess a lesser amount if they saw fit. This remark was more particularly applicable to an action of debt; but, even in tort, you demand a certain sum. Though you may fail to recover, in either action, all that you demand, still a demand of not more than $600 may be a demand of nothing, which is certainly not more than that sum. But this fault of pleading may be easily supplied by amendment. Demurrer overruled.